IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 18, 2020 Session

## STATE OF TENNESSEE v. S.L.

**Appeal from the Circuit Court for Blount County**
**No. C-25156     Tammy M. Harrington, Judge**

_____

### No. E2019-01268-COA-R3-CV

_____

This appeal presents the question of who has the duty to set a case for trial de novo when a defendant appeals a delinquency conviction from juvenile court to circuit court. The then-minor child S.L. ("Defendant") was charged with rape and incest.[1] After a trial, the Blount County Juvenile Court ("the Juvenile Court") found that Defendant had committed these delinquent offenses. Defendant appealed to the Circuit Court for Blount County ("the Circuit Court") for trial de novo as provided for by statute. Defendant proceeded to do nothing regarding his appeal for around two years. Eventually, the State of Tennessee ("the State") filed a motion to dismiss for failure to prosecute, which the Circuit Court granted. Defendant appeals to this Court arguing that, notwithstanding his long stretch of inactivity, he has a right to trial de novo. We hold that under Tenn. Code Ann. § 37-1-159(c) it was the Circuit Court's duty—not Defendant's—to set his case for trial. We reverse the judgment of the Circuit Court and remand for Defendant to have his trial de novo, which is to be expedited.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed; Case Remanded

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which JOHN W. MCCLARTY and THOMAS R. FRIERSON, II, JJ., joined.

Lance A. Evans, Maryville, Tennessee, for the appellant, S.L.

Herbert H. Slatery, III, Attorney General and Reporter, and Courtney N. Orr, Assistant Attorney General, for the appellee, the State of Tennessee.

---

[1] Defendant has since reached the age of majority. However, given this case's origin as a juvenile matter, we deem it appropriate to refer to Defendant by his first and last initials.

**OPINION**

**Background**

The relevant background facts are exceedingly brief. In July 2016, Defendant, then 17 years old, was charged with raping his sister, a 9-year-old child. After a September 2016 hearing, the Juvenile Court determined that Defendant was a candidate for rehabilitation and should not be tried as an adult.

On May 16, 2017, trial was held in the Juvenile Court. In its adjudicatory and dispositional hearing order, the Juvenile Court found that Defendant had committed rape and incest, delinquent offenses pursuant to the applicable statutes. Among other things, Defendant was ordered to undergo a psychosexual assessment with a Tennessee Department of Correction certified sexual offender treatment provider and follow all treatment recommendations. Defendant was ordered further to register immediately as a Violent Juvenile Sexual Offender and comply with all Violent Juvenile Sexual Offender Registry requirements. Defendant was to have no contact with the victim. On May 18, 2017, Defendant filed an appeal to the Circuit Court for trial de novo.

Defendant then dropped out of contact with his attorneys. In March 2018, Defendant's two attorneys filed a motion to withdraw from their representation of Defendant "because he has failed to maintain contact with Movants." In May 2018, the attorneys' motion was granted. In April 2019, the State filed a motion to dismiss for failure to prosecute, asserting that "Defendant has taken no action on his Notice to Appeal in this matter since it was filed on May 18, 2017." In May 2019, the Circuit Court appointed one of Defendant's previous attorneys, Lance A. Evans, to represent him again. On June 3, 2019 and July 1, 2019, hearings regarding the State's motion to dismiss were conducted before the Circuit Court. On July 1, 2019, the Circuit Court entered an order granting the State's motion to dismiss. Defendant timely appealed to this Court.

**Discussion**

Although not stated exactly as such, Defendant raises one issue on appeal: whether the Circuit Court erred by dismissing his appeal from the Juvenile Court for failure to prosecute.

In support of his contention that the Circuit Court erred, Defendant points to Tenn. Code Ann. § 37-1-159(a), which provides in relevant part that "[t]he juvenile court shall be a court of record; and any appeal from any final order or judgment in a delinquency proceeding, filed under this chapter, except a proceeding pursuant to § 37-1-134, may be

made to the criminal court or court having criminal jurisdiction that <u>shall hear the testimony of witnesses and try the case de novo</u>. . . ." Tenn. Code Ann. § 37-1-159(a) (2014) (emphasis added).  Defendant argues that this language is mandatory and leaves no room for dismissal for failure to prosecute.  Defendant contends also that as a defendant in what he categorizes as a criminal matter, he was under no duty to prosecute himself, a proposition articulated by the Supreme Court of the United States.  *Barker v. Wingo*, 407 U.S. 514, 527, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).  In addition, Defendant invokes several cases from other jurisdictions to support his stance that the duty to set his case for trial was not his.  In response, the State argues that juvenile defendants are not constitutionally entitled to a speedy trial, but even if they are, their right to a speedy trial is satisfied by the juvenile court proceedings and that they have the duty to set their cases for trial de novo when appealing to circuit court.  In his reply brief, Defendant asserts that the State misapprehends his position; this is not a speedy trial case, he states, but rather a case about his right to trial de novo.

While the parties spend considerable time arguing the relevance of cases from other jurisdictions, the answer to the issue presented appears to come from our own state's statutes.  Tenn. Code Ann. § 37-1-159(c) provides as follows:

> (c) **When an appeal has been perfected, the juvenile court shall cause the entire record in the case**, including the juvenile court's findings and written reports from probation officers, professional court employees or professional consultants, **to be taken forthwith to the criminal court or circuit court <u>whose duty it is</u>**, either in term or in vacation, **to set the case for an early hearing**.  When an appeal is taken from a juvenile court's decision that involves the removal of a child or children from the custody of their natural or legal parents or guardian or from the department of children's services, or when the decision appealed involves the deprivation of a child's liberty as the result of a finding that such child engaged in criminal activity, such hearing shall be held within forty-five (45) days of receipt of the findings and reports.  In its order, the criminal court or circuit court shall remand the case to the juvenile court for enforcement of the judgment rendered by the criminal court or circuit court.  Appeals from an order of the criminal court or circuit court pursuant to this subsection (c) may be carried to the court of appeals as provided by law.

Tenn. Code Ann. § 37-1-159(c) (2014) (emphasis added).[2]

---

[2] Tenn. Code Ann. § 37-1-159 has since been amended elsewhere, but subsection (c) has not changed. The subsection read this way on May 18, 2017 when Defendant filed his appeal to the Circuit Court.

Neither party addressed this highlighted language in their briefs. Nevertheless, in our judgment, it resolves the matter. The meaning is unambiguous with only one reasonable interpretation. It is the duty of the circuit court, not the juvenile defendant, to set a case for an early hearing when the juvenile defendant perfects an appeal to circuit court. Here, it is undisputed that Defendant perfected his appeal to the Circuit Court. Pursuant to Tenn. Code Ann. § 37-1-159(c), the Circuit Court had the "duty … to set the case for an early hearing." It did not. Instead, the Circuit Court granted the State's motion to dismiss for failure to prosecute. This was in error. Having perfected his appeal to the Circuit Court, Defendant could not forfeit his right to trial de novo by failing to set his case for trial when that was the Circuit Court's duty by statute. We, therefore, reverse the judgment of the Circuit Court and remand this case for Defendant to have his trial de novo, which is to be expedited.

### Conclusion

The judgment of the Circuit Court is reversed, and this cause is remanded to the Circuit Court for collection of the costs below and for further proceedings consistent with this Opinion. The costs on appeal are assessed against the Appellee, the State of Tennessee.

_____
D. MICHAEL SWINEY, CHIEF JUDGE